FILED

2008 Jul 21 AM 10:05

CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
CANTON

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JAMES R. MEADOR, | ) | CASE NO. 04-66754 |
| | ) | |
| Debtor. | ) | ADV. NO. 08-6033 |
| | ) | |
| JOSIAH L. MASON, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION ON** |
| | ) | **MOTIONS FOR SUMMARY** |
| JAMES R. MEADOR, | ) | **JUDGMENT** |
| | ) | |
| Defendant. | ) | |

Now before the Court are the cross-motions for summary judgment filed on the complaint of Chapter 7 Trustee Josiah L. Mason ("Trustee") to revoke the discharge of the Debtor-Defendant James R. Meador. Trustee filed the instant adversary proceeding on February 22, 2008. Defendant filed an answer on April 15, 2008 and amended that answer on May 21, 2008. Defendant also filed his instant motion for summary judgment the same day. Trustee filed his own motion for summary judgment on June 6, 2008.

The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. 157(b)(2)(J). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

Debtor filed for relief under Chapter 7 of the Bankruptcy Code on December 21, 2004. The case was determined at the time to be a no-asset case. The Court entered an order of discharge on April 27, 2005. No party took any further action in the case until March 31, 2006, when Trustee filed an interim report, listing a potential asset of Debtor's "possible non-exempt income tax refunds." The value of this item was unknown at the time. Trustee filed another interim report on August 8, 2006, declaring that he was still investigating the income tax refunds. Trustee filed a third interim report on May 17, 2007, indicating that he was still investigating the income tax refunds and that he planned to schedule a Rule 2004

exam within the subsequent three weeks. Trustee made a motion for a Rule 2004 examination *duces tecum* on October 9, 2007, demanding the presence of both Debtor and the income tax returns on November 5, 2007 at Trustee's office in Ashland, Ohio. This motion was granted by court order on October 12, 2007.

Trustee filed the instant adversary proceeding on February 22, 2008, alleging that Debtor failed to obey the above court order granting the Rule 2004 exam and neglected his duty to inform the Court and Trustee of changes in his address, and that Trustee remained ignorant of these facts until after Debtor was granted a discharge. In his response, as amended, Debtor denied the substantive allegations of Trustee's complaint, and also raised affirmative defenses, most significantly under the statute of limitations imposed on revocations of discharges by 11 U.S.C. § 727(e). Debtor also filed an affidavit stating that he did not remember Trustee's demand for Debtor's 2004 income tax returns at the 341 meeting, and that he neglected to notify his attorney (or the Court) of his changes of address after the 341 meeting because he believed "it was all over" (Def.'s Aff. 1). He also stated that he faxed a copy of his 2004 income tax returns to Trustee on March 27, 2008, two days after learning from a bank that a complaint to revoke his discharge had been filed. Debtor also filed a change of address form on May 28, 2008. His affidavit made no mention of the Rule 2004 exam at which he did not appear.

Trustee filed his own affidavit in support of his motion for summary judgment, stating that he wrote several letters to Debtor's attorney requesting Debtor's tax return, and never received it. He also stated that Debtor failed to appear at the Rule 2004 examination ordered by the Court, which Debtor did not deny in his own affidavit. Trustee's affidavit also stated that his firm had been contacted by a lender to confirm that the bankruptcy case was closed, because Debtor had applied for a loan. Shortly thereafter, Debtor himself contacted Trustee and was advised to contact his own attorney. Shortly after that, Trustee received the tax returns in question, which revealed that "any non-exempt refund would be insufficient to justify further administration." (Pl.'s Aff. 1-2.)

## LEGAL ANALYSIS

### I. Standard of Review

Motions for summary judgment are governed by Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56. That rule provides, in part:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

The evidence must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H.Kress & Co., 398 U.S. 144, 158-59 (1970). Summary judgment is not

appropriate if a material dispute exists over the facts, "that is, if evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## II. Refusal to Obey a Court Order

The trustee in a bankruptcy case may request a revocation of a debtor's previously-granted discharge under 11 U.S.C. § 727(d)(2) or (d)(3) up until the later of one year after the granting of the discharge or the date the case is closed. 11 U.S.C. § 727(e)(2)(A) and (B). Trustee's action is brought under 11 U.S.C. § 727(d)(3), which provides that the court shall revoke a discharge if the debtor committed an act proscribed by 11 U.S.C. § 727(a)(6). That section provides, in relevant part, that the Court is not to grant a debtor a discharge if "the debtor has refused, in the case ... to obey any lawful order of the court, other than an order to respond to a material question or to testify." 11 U.S.C. § 727(a)(6)(A).

Trustee has stated under oath and Defendant has not denied that he did not appear at the Rule 2004 examination ordered by the Court to take place on November 5, 2007. There is no dispute over the fact that Trustee did not receive Debtor's tax return until March 27, 2008, either. However, Defendant's statement in his own affidavit that he moved multiple times since the 341 meeting and did not tell even his own attorney, believing that their business was concluded, is equally uncontested. The facts also show that when Defendant did in fact learn that his case was still open because he had not submitted his tax returns, he provided them within two days, and that they revealed a refund too small to warrant any further action by the trustee.

These facts do not speak of a willful commission of an act under 11 U.S.C. § 727(a)(6). It appears from the record that Trustee sent several correspondences to Defendant's attorney and also served him with the order that his client submit to a Rule 2004 examination; however, that court order issued in October of 2007, long after Defendant and his attorney had lost touch with one another. Even Trustee's first interim report was not filed until the end of March of 2006. It was not until Defendant was actually told to call his attorney that the two were able to communicate again, and once that occurred, Defendant submitted his tax returns within two days. There is no evidence of fraudulently concealed property of the estate. Trustee makes generic allegations of fraud in his complaint (Compl. para. 4), but substantively alleges commission of an act under 11 U.S.C. § 727(a)(6) (grounds for revocation of discharge under 11 U.S.C. § 727(d)(3)–in this case, specifically, disobeying a court order), not facts that would show a discharge obtained by fraud, which would allow a cause of action under 11 U.S.C. § 727(d)(1). Debtor was a debtor in a no-asset Chapter 7 case filed in December of 2004. He was not a repeat filer. His misunderstanding that his case was over is understandable given that his own attorney was unable to reach him after the 341 meeting and correct that misunderstanding. It is true that courts should not blindly accept protestations of lack of knowledge of court orders, nor be quick to excuse falling out of contact with one's attorney before a matter is properly concluded. Debtors and their attorneys should be clear about the duration of the representation from the outset, and about the duties under which a debtor operates for the duration of a case. Debtor has two facts strongly in his favor here, however: first, after resuming contact with his attorney, he

complied with his duties with laudable celerity; in addition, once brought to light, his returns showed nothing to suggest any illicit motive in failing to produce them, either before or at the scheduled Rule 2004 exam. By Trustee's own admission, they were essentially what one would expect to find in a no-asset Chapter 7 case–which is to say, insignificant.

While failure to appear at a Rule 2004 examination ordered by the court is grounds for revoking a debtor's discharge, "the failure must be willful and not excused." U.S. Trustee v. Klages (In re Klages), 373 B.R. 902 (Bankr. N.D. Iowa 2007). The Court finds that Defendant's failure to appear at the scheduled exam on November 5, 2007 was not willful. The Court is specifically mindful of the short span of time–two days–between when Defendant resumed contact with his attorney and when he provided the tax returns that were the primary subject of Trustee's Motion for 2004 Examination *Duces Tecum* from October 9, 2007. Trustee has since abandoned the estate's claim on Debtor's 2004 tax refunds, and is not seeking any other material information from Debtor. There is no reason at law or equity to revoke Debtor's discharge–one of the harshest penalties a court can impose on a debtor, particularly in the absence of any material evidence of fraud–given the facts of this case.

### III. Refusal to File Notices of Change of Address

Trustee has cited neither case law nor any provision of the Bankruptcy Code that would warrant the extreme sanction of revocation of a debtor's discharge for failure to file a notice of change of address, particularly absent any showing of fraud or bad faith. In addition, unlike the Rule 2004 exam, Debtor's duty to provide notice of changes of address does not arise from a court order. By the plain terms of 11 U.S.C. § 727(a)(6)(A), it is only refusal to obey direct orders of a court that create a cause of action under 11 U.S.C. § 727(d)(3). As above, there are no alleged facts on this record that would prove a discharge obtained by fraud, so despite mentioning the word in his complaint, Trustee has failed to state a claim for a fraud in the obtaining of a discharge under 11 U.S.C. § 727(d)(1).

Trustee's motion for summary judgment will be denied, and Defendant's motion for summary judgment granted, by a separate order to be entered concurrently with this opinion.

/s/ Russ Kendig
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

### Service List:

John C O'Donnell, III
13 Park Ave W
#300
Mansfield, OH 44902

Josiah L Mason
153 W Main St
PO Box 345
Ashland, OH 44805-2219